IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DEKOVEN MEADOWS, individually and as Personal Representative of the Estate of DA'MARRION MONTEZ MEADOWS,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. CIV-12-367-D

**O R D E R**

Before the Court is Defendant United States' Motion to Dismiss [Doc. No. 13], filed pursuant to Fed. R. Civ. P. 12(b)(1). The federal government asserts its sovereign immunity from suit in this action brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80. Plaintiff DeKoven Meadows has responded in opposition to the Motion, and the government has filed a reply brief. The Motion is thus at issue.

**Factual and Procedural Background**

Plaintiff brings suit individually and as personal representative of the estate of his infant child, Da'Marrion Montez Meadows, for alleged medical malpractice that occurred during the child's cesarean-section delivery on November 13, 2007. Plaintiff was then a member of the United States Army allegedly "stationed in Fort Campbell, Montgomery County, Tennessee," but he alleges the negligent medical and surgical treatment occurred at Blanchfield Army Community Hospital (BACH) located in "Montgomery County, Kentucky." *See* Compl. [Doc. No. 1], ¶¶ 2, 5. The location of the hospital is a key to the government's Motion, which asserts that BACH is located in Tennessee and therefore Plaintiff's FTCA claim is governed by Tennessee law.

The Motion seeks a dismissal for lack of subject matter jurisdiction because the doctrine of sovereign immunity precludes a suit against the United States without its consent and "the terms of its consent define the extent of the court's jurisdiction." *See In re Franklin Savings Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004) (internal quotation omitted). The FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); *see also* 28 U.S.C. § 1346(b)(1). Specifically, the FTCA mandates that the government's liability for a negligent act or omission of a federal employee is determined by "the law of the place where the act or omission occurred." *See* 28 U.S.C. § 1346(b)(1); *see also id.* § 2674(a). Accordingly, state law governing the site of the alleged medical malpractice – BACH – determines the extent of the waiver of sovereign immunity in this case.

**Standard of Decision**

Because sovereign immunity is a matter of subject matter jurisdiction, the defense may properly be asserted by a motion to dismiss under Rule 12(b)(1). *See Holt v. United States*, 46 F.3d 1000, 1002 (1995); *see also E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001). "Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. United States Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir. 2002)). If the motion challenges only the sufficiency of the plaintiff's jurisdictional allegations, a district court must confine itself to the complaint and accept the allegations as true. *See Holt v. United States*, 46 F.3d at 1002. Where,

however, the motion challenges the underlying factual basis for subject matter jurisdiction, the court "may not presume the truthfulness of the complaint's factual allegations" and "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id*. at 1003; *see also Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F. 3d 1285, 1292-93 (10th Cir. 2005); *Sizova v. National Inst. of Standards & Tech*., 282 F.3d 1320, 1324 (10th Cir. 2002).[1]

In this case, Defendant's Motion challenges the underlying factual basis for Plaintiff's assertion of subject matter jurisdiction, and thus, Plaintiff's allegations need not be accepted as true. Further, because the jurisdictional issues are not intertwined with the merits of Plaintiff's tort claim, Defendant's Motion may properly be decided under Rule 12(b)(1) by considering matters outside Plaintiff's complaint.

**Analysis**

As previously stated, it is well established that an FTCA claim is governed by the substantive law of the state in which the alleged tortious act occurred. *See Hoery v. United States*, 324 F.3d 1220, 1222 (10th Cir. 2003); *Ayala v. United States*, 49 F.3d 607, 611 (10th Cir. 1995); *Franklin v. United States*, 992 F.2d 1492, 1495 (10th Cir. 1993). In this case, the government invokes a requirement of the Tennessee Medical Malpractice Act that a complaint in a negligence action requiring expert testimony must be accompanied by a certificate of good faith, stating that one or more experts have found a good faith basis to maintain the action. *See* Tenn. Code Ann. § 29-26-122(a). The Tenth Circuit has squarely held that a similar statutory certificate-of-review

---

[1] A court must convert a Rule 12(b)(1) motion to a Rule 56 motion for summary judgment "when resolution of the jurisdictional question is intertwined with the merits of the case." *See Holt*, 46 F.3d at 1003. The jurisdictional question is intertwined with the merits of the case if "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *See Continental Carbon*, 428 F. 3d at 1292; *see Sizova*, 282 F.3d at 1324-25; *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000).

requirement of Colorado law "is a substantive rule of law" and "applicable to professional negligence claims brought against the United States under the FTCA." *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004); *see also Van Dyke v. United States*, 457 F. App'x 721, 726-27 (10th Cir. 2012) (affirming dismissal of FTCA claims based on Wyoming law requirement of filing pre-suit claim with state medical review panel).

It is undisputed in this case that Plaintiff has not filed the good-faith certificate required by Tennessee law.[2] Plaintiff instead maintains that none is required because BACH, where the alleged medical malpractice occurred, is located in Kentucky and not Tennessee. Each party presents an affidavit and evidentiary materials to support the position asserted in their respective briefs regarding the location of BACH in relation to state boundaries.

Defendant presents the declaration of Keith Shumate, a senior law enforcement officer for Fort Campbell, regarding the geographical and jurisdictional boundaries of the installation and the location of BACH. He attests that Fort Campbell is split between the states of Kentucky and Tennessee and that BACH is located on the Tennessee side. His declaration is accompanied by maps showing the location of BACH in relation to the boundary line between the two states. With its reply brief, the government also presents a published history of the Army post, which explains its official designation as Fort Campbell, Kentucky, although the majority of the land is located in Tennessee. The explanation includes that the "U.S. Post Office building was located on the Kentucky side of the state line." *See* Reply Br., attach. 1 [Doc. No. 15-1] at 1. In addition, the

[2] The Court notes that the government relies on the current version of the Tennessee Medical Malpractice Act, which requires that the certificate be filed with the complaint. Prior to its amendment in 2009, a certificate was required within 90 days after filing a complaint. *See Williams v. United States*, 754 F. Supp. 2d 942, 947 n.1 (W.D. Tenn. 2010). Because Plaintiff does not seek the benefit of the earlier version, and because the additional 90-day filing period has also expired, the Court need not decide which version of the statute applies in this case.

government submits a death certificate issued for Da'Marrion Montez Meadows by the State of Tennessee.

Plaintiff presents his own affidavit that he was assigned to Fort Campbell, Kentucky, that BACH was considered part of the military installation in Kentucky, and that the address for BACH was in Kentucky. Plaintiff also presents published materials about BACH that list its address as "650 Joel Drive, Fort Campbell, KY 42223." *See* Pl.'s Resp. Br., Exs. 2 & 3 [Doc. Nos. 14-2 and 14-3]. Plaintiff asserts that he properly filed suit in compliance with the laws of Kentucky rather than Tennessee.

Upon consideration of the materials submitted by the parties, the authenticity of which are unchallenged, the Court finds that Fort Campbell spans two states but that BACH is itself located entirely within Tennessee. Plaintiff's materials are fully consistent with the Army's designation of the installation as Fort Campbell, Kentucky, and BACH's assigned address bearing a Kentucky postal service code. However, Mr. Shumate's personal knowledge of the geographical boundaries of Fort Campbell and the location of BACH, together with maps plainly showing that BACH is situated on the Tennessee side of the state boundary, establish that BACH is located in Tennessee. Therefore, the Court finds that Plaintiff's claim of medical malpractice allegedly committed during surgery at BACH is governed by Tennessee law.[3]

---

[3] Although the Court reaches this conclusion based solely on the record presented in this case, the Court notes that other federal judges have also applied Tennessee law to malpractice claims arising from medical treatment at BACH. *See Jones v. United States*, 789 F. Supp. 2d 883, 887 (M.D. Tenn. 2011); *Cloer v. United States*, No. 3:09-cv-1119, 2011 WL 2218104, *4 (M.D. Tenn. June 7, 2011); *Carver v. United States*, No. 3:04-0234, 2005 WL 2230025, *2 (M.D. Tenn. Aug. 30, 2005) (stating BACH "is located in the state of Tennessee on the Ft. Campbell Army Post").

## Conclusion

For these reasons, Plaintiff's failure to comply with the certification requirement of the Tennessee Medical Malpractice Act deprives the Court of subject matter jurisdiction of an FTCA claim against the United States.

IT IS THEREFORE ORDERED that Defendant United States' Motion to Dismiss [Doc. No. 13] is GRANTED, as set forth herein. Judgment shall be entered accordingly.

IT IS SO ORDERED this 22nd day of February, 2013.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE